FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND DEC 19  A 11: 51

MICHELE PERRETTA AND
ANNA PERRETTA

U. DISTRICT COURT
DISTRICT OF RHODE ISLAND

VS.

C.A. NO.:

AMERICAN RESIDENTIAL
EQUITIES LIX, LLC, ALIAS,
STATEBRIDGE COMPANY, LLC,
ALIAS, MARIX SERVICING, LLC,
WESTBOURNE CAPITAL, LLC,
AMERICAN RESIDENTIAL
EQUITIES, LLC, ALIAS,
ACQURA LOAN
SERVICING, ALIAS,
AND JOHN DOE, ALIAS

CA 12- 927

### COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES,
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES
### ACT, AND INJUNCTIVE RELIEF

The Plaintiffs, Michele Perretta and Anna Perretta, by their Attorney
complain of Defendants as follows:

### COUNT I
### DECLARATORY JUDGMENT

1.     The Plaintiffs, Michele Perretta and Anna Perretta, are residents of the
State of Rhode Island with an address of 380 Pippin Orchard Road,
Cranston, Rhode Island.  The Plaintiffs, Michele Perretta and Anna Perretta
own said real estate located at 380 Pippin Orchard Road, Cranston, Rhode
Island.

2.     Defendant John Doe is any entity, which has an interest in the
Plaintiffs' mortgage and/ or promissory note.

3.     Defendant American Residential Equities, LIX, LLC claims to own
Plaintiffs' mortgage and note.

1

4.     Westbourne Capital, LLC ("Westbourne") claims to own Plaintiffs' note and mortgage.

5.     Defendant Statebridge Company, LLC ("Statebridge") claims to be the loan servicer for Plaintiffs' note and mortgage.

6.     Acqura Loan Servicing ("Acqura") claimed to be the loan servicer for the Plaintiffs' mortgage at a prior date.

7.     Defendant Marix Servicing, LLC ("Marix") on April 18, 2006, through its attorney, claimed to be the loan servicer for the Plaintiffs' mortgage on behalf of American Residential Equities Lin, LCC.  It is an out of state limited liability company.

8.     Defendant Marix on May 5, 2012, May 12, 2012, and May 19, 2012 claimed to be the loan server for the Plaintiffs' mortgage on behalf of Westbourne Capital.  It is an out of state limited liability company.

9.     Defendant Statebridge on July 10, 2012 claimed to be a loan servicer for the Plaintiffs' mortgage on behalf of American Residential Equities LIX, LLC.  It is an out of state limited liability company.

10.     Jeffrey Stephan is a former employee of GMAC Mortgage, LLC.

11.     Zurich Mortgage Solutions, LLC ("Zurich") is a Mortgage Company which was the nominal originator of Plaintiffs' loan.  It was a subprime lender and it no longer exists.

12.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1332 (diversity jurisdiction) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendants are foreign corporations based outside of the State of Rhode Island.

13.     The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

14.     All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

15.   This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a.    The provisions of 28 USC Sec. 2201, grant this Court jurisdiction over questions of law and equity.  The Plaintiffs are asking this Court, inter alia, to restrain the certain defendants from taking adverse action on the subject property owned by the Plaintiffs at 380 Pippin Orchard Road, Cranston, Rhode Island at a foreclosure sale on December 21, 2012.

    b.    The provisions of the Declaratory Judgment Act, 28 USC Sec. 2201 et seq., grant this Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiffs and the Defendants under certain contracts, assignments, powers of attorneys, and deed.  Plaintiffs ask that the alleged assignment of mortgage be declared invalid and void ab initio and that this Court decide that the mortgage and note are not held by any of the Defendants and that said Defendants lack standing to enforce the note or to foreclose on the mortgage.

    c.    The provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 USC 1692 et seq. and more particularly 15 USC 1692f (6), grant subject matter jurisdiction to this Court over actions of Statebridge which are taken or threaten to take a non-judicial action to effect dispossession of Plaintiffs of their property when there is no present right to possession of the property claimed as collateral through an enforceable security interest.

    d.    The provisions of the Fair Debt Collection Practices Act, ("FDCPA"), 15 USC 1692 et seq. and more particularly 15 USC 1692f (6), grant subject matter jurisdiction to this Court over actions of Marix which are taken or threaten to take a non-judicial action to effect dispossession of Plaintiffs of their property when there is no present right to possession of the property claimed as collateral through an enforceable security interest.

16.   On October 25, 2006, the Plaintiffs executed a mortgage and promissory note to Zurich.  A copy of the mortgage is attached as Exhibit A.

17.    On about November 24, 2006, Defendants Acqura and American
Residential Equities prepared a fraudulent purported assignment of mortgage
and note from Zurich to American Residential Equities, a non-existent entity
indicating that this transfer was for the value received.  A copy of the
assignment is attached as Exhibit B.   This fraudulent document was
prepared and executed in order to create the false illusion that American
Residential Equities owned the mortgage and note.  The basis for the
allegation of the creation of a fraudulent assignment is the following facts:

    a.    On November 24, 2006 American Residential Equities did not
exist.  No consideration was paid by American Residential
Equities for this mortgage.

    b.    This alleged assignment was not recorded until September 14,
2007.

    c.    The alleged assignment claimed to assign only the beneficial
interest of the mortgage and note not the mortgage itself.

    d.    The alleged assignment was designed to create the
illusion of standing to allow American Residential Equities to
claim nominal ownership of the loan even though the note and
the mortgage were never sold to American Residential Equities
by Zurich.  Defendants, American Residential Equities and
Acqura needed to create an alleged assignment to allow
American Residential Equities and Acqura to seek to foreclose
on the loan.  American Residential Equities and Acqura were
aware of all these facts at the time of the alleged assignment.
This document conveyed nothing, as American Residential
Equities did not exist.

    e.    As a result of this void and unauthorized document purporting
to be an assignment, the Defendants lacked any standing, are
not the real party in interest, and were not proper parties to
foreclose or enforce the original mortgage or note.

18.    On about November 14, 2006, Defendants Acqura and American
Residential Equities prepared a fraudulent purported assignment of mortgage
and note from American Residential Equities to GMAC Mortgage, LLC

indicating that this transfer was for value received.   A copy of the
assignment is attached as Exhibit C.  This fraudulent document was prepared
and executed in order to create the false illusion that GMAC Mortgage, LLC
owned the mortgage and note.  The basis for this allegation of the creation of
a fraudulent assignment is the following facts:

    a.    On November 14, 2006 American Residential Equities did not
exist.  No consideration was paid by GMAC Mortgage, LLC
for the note or mortgage to a non-existent entity.

    b.    The alleged assignment was designed to create the illusion of
standing to allow GMAC Mortgage, LLC to claim nominal
ownership of the loan even though the note and the mortgage
were never sold to GMAC Mortgage, LLC by American
Residential Equities.  Defendants American Residential
Equities and Acqura needed to create a purported assignment.
American Residential Equities, Acqura, and GMAC Mortgage,
LLC were aware of all these facts at the time of the alleged
assignment.  This document conveyed nothing, as American
Residential Equities did not exist and GMAC never owned the
mortgage.

    c.    As a result of this void and unauthorized document purporting
to be an assignment, the Defendants lacked any standing, are
not the real party in interest and were not proper parties to
foreclose or enforce the original mortgage or note.

19.   On about May 4, 2010, Defendants Acqura and American Residential
Equities prepared a fraudulent purported assignment of mortgage and note
from GMAC Mortgage, LLC to American Residential Equities LIX, LLC
indicating that this transfer was for good and valuable consideration.   A
copy of the assignment is attached as Exhibit D.  This fraudulent document
was prepared and executed in order to create the false illusion that
Residential Equities LIX, LLC owned the mortgage and note.  The basis for
this allegation of the creation of a fraudulent assignment is the following
facts:

    a.    On May 4, 2010 American Residential Equities LIX, LLC did
not pay any consideration to GMAC.

b.      The alleged assignment was dated May 4, 2010 and then notarized on May 5, 2010.

c.      The alleged assignment was designed to create the illusion of standing to allow American Residential Equities LIX, LLC to claim nominal ownership of the loan even though the note and the mortgage were never sold to American Residential Equities LIX, LLC by GMAC Mortgage, LLC.  Defendants American Residential Equities LIX, LLC and Acqura needed to create a purported authorized party to sign the alleged assignment to allow American Residential Equities LIX, LLC to seek to foreclose on the loan.  American Residential Equities, Acqura, and GMAC Mortgage, LLC were aware of all these facts at the time of the alleged assignment.  This document conveyed nothing, as American Residential Equities did not exist and unable to convey.

d.      Jeffrey Stephan was a robosigner who did not sign the assignment.  His name was affixed to the assignment by a third party.

e.      As a result of this void and unauthorized document purporting to be an assignment, the Defendants lacked any standing, are not the real party in interest and were not proper parties to foreclose or enforce the original mortgage or note.

20.    The Defendants do not possess or own the note and the mortgage and the mortgage and note were never transferred to American Residential Equities LIX, LLC pursuant to law.

21.    The Westbourne and American Residential Equities LIX do not own the note or the mortgage nor have valid transfers and assignments of each occurred.

22.    As a result, the Defendants lack standing to enforce the note or the mortgage.

## COUNT II
## BREACH OF CONTRACT

23.     Paragraph 1- 22 are incorporated by reference.

24.     Plaintiffs never received any default letter from the holder and owner of the note and of the mortgage and any alleged foreclosure proceedings were invalid because no notice was sent to the Plaintiffs pursuant to law and to the terms of the mortgage. Rhode Island law and the terms of the mortgage mandate that prior to commencing a foreclosure by a default letter and power of sale, a party actually holds the note and the mortgage by way of transfer and/or assignment.

25.     None of the provisions of the mortgage were complied with by the Defendants.  Before an alleged acceleration of the loan was declared; the Lender was required to comply with paragraph 22 of the Mortgage.  None of the provisions of paragraph 22 of the mortgage were complied with before an alleged acceleration of the loan was declared; the Lender was required to specify:

    a.     the default;

    b.     the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

    c.     that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

26.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

            Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less

than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

27.    Specifically, the provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above. No default letter was sent to Plaintiffs by the owner of the Note and the Mortgage in conformity with the terms of the Mortgage.  A purported Notice of Acceleration, dated July 10, 2012, was sent to the Plaintiffs by Statebridge on behalf of American Residential Equities LIX, LLC.  This notice did not comply with the terms of the mortgage and as a result the Defendants were not authorized to accelerate nor notice the property for sale.  In fact the Defendants have not sent a valid notice of default under the note and the mortgage which is also a

prerequisite to exercise the power of sale pursuant to the mortgage and Rhode Island law.

28.   Nevertheless, the Defendants have advertised a foreclosure sale in the Providence Journal and have scheduled a foreclosure sale for December 21, 2012, without declaring the Plaintiffs in default, and without accelerating the loan and without properly exercising the statutory power of sale.  This action has cause harm to the Plaintiffs through a publication of an unauthorized sale, thereby causing damages to the Plaintiffs.

29.   The failure of Statebridge and American Residential Equities LIX to comply with the terms of the mortgage constitutes a breach of contract. Pursuant to the provisions of Rhode Island law, the Plaintiffs are entitled to attorney fees and costs for the prosecution of this action due to the fact that the Defendants have committed a breach of contract in regard to the mortgage by foreclosing without contractual authority to do so.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION
## PRACTICES ACT, 15 USC 1692f (6)

30.   Paragraphs 1-29 are incorporated by reference.

31.   The Plaintiffs are consumers as defined by 15 USC 1692 et seq. Marix is a debt collector as defined by 15 USC 1692 et seq.  Marix, since December 18, 2011, has committed several violations of the FDCPA, 15 USC 1692f (6) and is liable to the Plaintiffs for compensatory damages, statutory damages, and attorney fees and costs for violations.

32.   Marix has used several unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiffs.

33.   Marix, allegedly on behalf of American Equities LIX, LCC and also Westbourne Capital, LLC, has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiffs of their property even though neither American Residential Equities LIX nor Westbourne Capital, LLC has present right to possession of the property claimed as collateral through an enforceable security interest.

34.     Statebridge on behalf of American Residential Equities LIX, LLC
scheduled a foreclosure for December 21, 2012 despite the fact that
American Residential Equities LIX, LLC has no present right to possession
of the property claimed as collateral through an enforceable security interest.

35.     The facts alleged in this complaint in Count I establish that American
Residential Equities LIX, LLC, does not have present right to possession of
the property claimed as collateral through an enforceable security interest,
nor any of the entities Statebridge alleges to be acting on behalf of.

36.     On March 05, 2012 Marix, allegedly on behalf of Westbourne Capital,
LLC, caused to be sent to the Plaintiffs a purported notice of default, with
full knowledge that Westbourne Capital LLC did not have any present right
to possession of the property claimed as collateral through an enforceable
security interest (Exhibit E).

37.     On March 12, 2012 Marix, allegedly on behalf of Westbourne Capital,
LLC, caused to be sent to the Plaintiffs a purported notice of default, with
full knowledge that Westbourne Capital LLC did not have any present right
to possession of the property claimed as collateral through an enforceable
security interest (Exhibit F).

38.     On March 19, 2012 Marix, allegedly on behalf of Westbourne Capital,
LLC, caused to be sent to the Plaintiffs a purported notice of default, with
full knowledge that Westbourne Capital LLC did not have any present right
to possession of the property claimed as collateral through an enforceable
security interest (Exhibit G).

39.     On April 18, 2012, Marix, through its attorneys, allegedly on behalf of
American Equities Lin, LCC, had caused to be sent to the Plaintiffs a
purported notice of acceleration with full knowledge that American Equities
Lin, LCC did not have any present right to possession of the property
claimed as collateral through an enforceable security interest (Exhibit H).

40.     On July 10, 2012, Statebridge Company, LLC, allegedly on behalf of
American Residential Equities LIX, LLC, had caused to be sent to the
Plaintiffs a purported notice of acceleration with full knowledge that
American Residential Equities LIX, LLC did not have any present right to
possession of the property claimed as collateral through an enforceable
security interest (Exhibit I).

41.    On July 13, 2012, Statebridge, LLC has caused to be sent to the Plaintiffs a purported notice of foreclosure and sale, with full knowledge that American Residential Equities LIX, LLC did not have any present right to possession of the property claimed as collateral through an enforceable security interest (Exhibit J).

42.    Each action of Statebridge, LLC and Marix described above constitutes a separate violation of the FDCPA for which American Residential Equities LIX, LLC and Marix are both liable.

43.    The purported foreclosure action and all actions to seek to foreclose on the property have occurred within one year of the filing of this complaint.

44.    Plaintiffs have entitled to statutory damages, actual damages, punitive damages, and attorney fees and costs for each violation of the FDCPA.

## COUNT IV
## INJUNCTIVE RELIEF

45.    Paragraph 1- 44 are incorporated by reference.

46.    The Plaintiffs require a Mandatory Injunction and Preliminary Injunction against all defendants to cease any attempts to commence or continue an illegal foreclosure action of Statebridge and American Residential Equities LIX and/or Westbourne Capital LLC.

47.    Westbourne and American Residential Equities LIX have no interest in the property, the mortgage or note and, thus have no standing to foreclose upon the mortgage of the Plaintiffs or to enforce the note or to assign the mortgage or transfer the note.

48.    Plaintiffs are being irreparably harmed by the illegal collection actions of all the Defendants.

49.    The Plaintiffs have no other remedy at law but to seek the relief requested herein.  Equity favors the Plaintiffs as they have no adequate remedy at law.

## COUNT V
## COMPLAINT FOR DAMAGES

50.   Paragraphs 1-49 are incorporated by reference.

51.   On October 25, 2006, the Plaintiffs executed a promissory note in favor of Zurich in the amount of $971,750.00.  The property is currently assessed by the Cranston Tax Assessor at $773,200.00.

52.   The Mortgage contains language that provides for the Statutory Power of Sale only by the Lender in the event of a default on the note by Plaintiffs.

53.   The mortgage does not include any language that a party that does not own the note and mortgage may invoke the Statutory Power of Sale.

54.   The owner of the note and mortgage never invoked the statutory of sale in this matter.

55.   The owner of the note and mortgage never mailed a notice of sale to the Borrowers.

56.   The owner of the note and mortgage never published the notice of sale.

57.   The Foreclosure Sale on December 21, 2012, which has been allegedly scheduled by American Residential Equities and Statebridge, was neither noticed by the holder and owner of the mortgage nor by the party entitled to enforce the Note.

58.   Statebridge, American Residential Equities LIX, nor Westbourne Capital is the owner of the note and mortgage in regard to this matter or have statutory authority to foreclose pursuant to RIGL 34-11-22.

59.   Statebridge and American Residential Equities LIX, neither of which is the owner of the note and mortgage, have wrongly commenced an alleged foreclosure without contractual or statutory authority.

60.   The actions taken by Statebridge and American Residential Equities LIX are without any force or effect relative to the invocation of the statutory

power of sale or the actual sale of the property because they are not now, nor have ever been, the Lender as defined by both the note and the mortgage.

61.     The foreclosure scheduled has not been noticed, scheduled, or advertised as required by the Note and Mortgage and Statute.

62.     To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter of the law.

63.     The pending attempted foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

64.     Statebridge and American Residential Equities LIX lack standing to foreclose.

65.     The owner of the note and mortgage in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants.  In the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

66.     The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially, and not by way of advertisement or auction due to failure to exactly follow the letter of the law.

67.     This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Court.

68.      This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.


WHEREFORE, the Plaintiffs pray that this Court:

> A.     Issue a Declaratory Judgment determining that the note and mortgage is not vested in American Residential Equities LIX or Westbourne.

B.    Issue a Declaratory Judgment that the assignment from Zurich to American Residential Equities is invalid and void ab initio as a matter of law and that Zurich assigned nothing to American Residential Equities.

C.    Issue a Declaratory Judgment that the assignment from GMAC to American Residential Equities LIX is invalid and void ab initio as a matter of law and that GMAC assigned nothing to American Residential Equities LIX.

D.    Issue a Declaratory Judgment that neither American Residential Equities LIX nor Westbourne own or hold a secured claim in regard to the property owned by the Plaintiffs, located at 380 Pippin Orchard Road, Cranston, Rhode Island.

E.    Issue a Declaratory Judgment that neither American Residential Equities LIX nor Westbourne own or hold the promissory note executed by Plaintiffs to Zurich.

F.    Issue a Declaratory Judgment that any foreclosure proceedings previously conducted against the Plaintiffs has been invalid and that any costs and legal fees allegedly incurred by Defendants shall not be charged against the Plaintiffs.

G.    Preliminarily and permanently restrain and enjoin all of the Defendants from commencing any further foreclosure actions, eviction action or collection action against the Plaintiffs.

H.    Issue a Preliminary and Permanent Injunction against all of the Defendants from commencing any further or collection action against the Plaintiffs.

I.    Preliminarily and Permanently Restrain and Enjoin Statebridge, American Residential Equities LIX, and Westbourne from executing any further assignments of the original mortgage.

14

J.      Issue a Declaratory Judgment that the alleged assignment of the mortgage and note referenced in this Complaint was not made by a corporate officer with requisite corporate authority pursuant to law.

K.      Issue a Declaratory Judgment that on November 24, 2006, American Residential Equities LIX owned neither Plaintiffs' note nor mortgage and that the assignment was void ab initio.

L.      That Plaintiffs be awarded Compensatory and punitive damages, attorney fees and costs against all defendants Acqura, Statebridge, American Residential Equities LIX, and Westbourne jointly and severally, for wrongful foreclosure, for breach of contract and for creating fraudulent documents, for recording a fraudulent documents with the Cranston Recorder of Deeds, and for seeking to collect on a mortgage and note that they did not own.

M.      Award the Plaintiffs statutory damages, compensatory damages, punitive damages, attorney fees and costs, and interest for each separate violation of the FDCPA by Marix and Statebridge.

N.      Award such other relief as this Court deems just and proper.

Michele Perretta and
Anna Perreta
By their Attorney

December 19, 2012

John B. Ennis, Esq. #2135
1200 Reservoir Avenue
Providence, Rhode Island 02920
(401) 943-9230