UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHELE PERRETTA and  
ANNA PERRETTA

vs.   Civil Docket No. 12-cv-927

AMERICAN RESIDENTIAL EQUITIES
LIX, LLC, ALIAS, STATEBRIDGE
COMPANY, LLC, ALIAS, MARIX
SERVICING, LLC, WESTBOURNE
CAPITAL, LLC, AMERICAN
RESIDENTIAL EQUITIES, LLC, ALIAS,
ACQURA LOAN SERVICING, ALIAS,
AND JOHN DOE, ALAIS

### APPEAL OF RECOMMENDATION REGARDING DEFENDANT'S RELIEF FROM "NO-FILING" STAY ISSUED BY THE DEPUTY SPECIAL MASTER ON MAY 30, 2013 AND REQUEST FOR RELIEF FROM "NO-FILING STAY"

Now comes the Defendant, Westbourne Capital, and hereby moves for Relief from the "No-Filing Stay" issued by this Court in connection with the above captioned matter. Defendant filed a request with the Special Master requesting relief on May 9, 2013, which was denied by the Deputy Special Master on May 30, 2013. A copy of the Request and Denial are attached hereto as Exhibits "A" and "B". Defendant now seeks reconsideration by this court in the form of an appeal of the Deputy Special Master's denial of the relief requested. In support thereof, Defendant states the following:

1. The case is before this Court on Plaintiffs' Complaint for relief prior to foreclosure. As such, the Plaintiffs are the owners of the property located at 380 Pippin Orchard Road, Cranston, RI ("Property").

2. American Residential Equities LIX, LLC is the holder of a mortgage from Anna M. Perretta and Michele Perretta, Sr. to Zurich Mortgage Solutions, LLC dated October

1

25, 2006 recorded in the Land Evidence Records for the City of Cranston in Book 3520 at page 165. ("Mortgage"). See Mortgage attached hereto as Exhibit "C".

3. Defendant Westbourne Capital, LLC is an authorized agent for the holder of the Mortgage. ("Westbourne").

4. Westbourne learned that the real estate taxes due to the City of Cranston were past due and a tax sale was scheduled for June 4, 2013. Taxes appear to be in arrears in the approximate amount of $20,000.

5. Westbourne made a request to the Special Master for the following:
    a. A determination as to whether this Court stay order effectively stayed the City of Cranston from selling the property at tax sale; and
    b. An Order requiring Plaintiff to pay an amount to the City of Cranston sufficient to cancel the tax sale as a condition to maintaining their action on the Mortgage Foreclosure docket.

6. Plaintiffs have not paid an amount sufficient to pay the outstanding taxes and the property remains scheduled for tax sale on June 4, 2013.

7. Pursuant to the terms of the Mortgage, Plaintiffs are required to pay outstanding real estate taxes due and owing in connection with the property secured by the Mortgage.

8. Plaintiffs are in default of the terms and conditions of the Mortgage by their failure to pay the real estate taxes due and owing to the City of Cranston.

9. R.I.G.L Section 44-9-12(a) authorizes the City tax collector to execute and deliver a deed to the tax sale purchaser. This deed conveys title subject only to the right of redemption. Until redemption or until the right of redemption is foreclosed, the

conveyance is held as security for repayment of the purchase price with all statutory costs, interest and subsequent taxes.

10. If the property is not redeemed within 1 year of the tax sale, the purchaser is entitled to seek foreclosure of redemption. Once the right of redemption is foreclosed, the tax sale purchaser takes title absolutely.

11. Plaintiffs are allowing this Property to be sold at tax sale by not paying real estate taxes are they become due and payable. This places the property in jeopardy of alienation, which adversely affects the mortgagee's interest in the Property.

12. Plaintiffs will argue that it is the Defendant that is allowing the Property to be sold at tax sale. Plaintiffs proposed payment of approximately one half of the taxes outstanding. The Plaintiffs proposed to pay the balance through use of most of the use and occupancy escrow with the balance paid over time. Defendant objected to the use of use and occupancy payments to augment Plaintiff's contribution to stop the tax sale. Use and occupancy payments were imposed by the Special Master to keep the playing field level. Although the Plaintiffs have been paying a reduced amount of use and occupancy (in relation to the mortgage payment), no monies have been disbursed to Defendant and no payments have been made to the City of Cranston for real estate taxes. Plaintiffs should bear the burden of maintaining the property and paying taxes and insurance.

13. If the Plaintiffs are unable to keep their tax payment current, how can one expect them to make principal and interest payments on even a modified loan? It is for this reason, that the Court should release this case from the Mortgage Foreclosure Docket.

WHEREFORE, Defendant prays that the following relief enter:

1. Reject the recommendation of the Deputy Special Master and find that the Defendant is entitled to relief from the "no-filing" stay;

2. Permit the parties to proceed in a manner that is consistent with the Court's Order dated January 7, 2013, including, without limitation, transferring this matter to the civil docket; and

3. Such other and further relief as this Honorable Court deems meet and just.

          Defendant
          By its attorney


          /s/ Michael R. Hagopian
          Michael R. Hagopian #3448
          Orlans Moran PLLC
          PO Box 540540
          Waltham, MA 02454
          (781) 790-7800

File No. 502.0050

## CERTIFICATION

I hereby certify that a true copy of the foregoing was sent electronically to each party of record on June 4, 2013.

          /s/ Michael R. Hagopian