UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHELE PERRETTA and<br>ANNA PERRETTA | :<br>:<br>: |
| vs. | :    Civil Docket No. 12-cv-927<br>: |
| AMERICAN RESIDENTIAL EQUITIES<br>LIX, LLC, ALIAS, STATEBRIDGE<br>COMPANY, LLC, ALIAS, MARIX<br>SERVICING, LLC, WESTBOURNE<br>CAPITAL, LLC, AMERICAN<br>RESIDENTIAL EQUITIES, LLC, ALIAS,<br>ACQURA LOAN SERVICING, ALIAS,<br>AND JOHN DOE, ALIAS | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

    The Plaintiffs, Michele Perretta and Anna Perretta, executed a mortgage to Zurich Mortgage Solutions, LLC on October 25, 2006, which mortgage secures the property located at 380 Pippin Orchard Road, Cranston, Rhode Island. (Paragraph 16 of Plaintiffs' Complaint). The crux of Plaintiffs' Complaint is that the assignment of mortgage from Zurich Mortgage Solutions, LLC to American Residential Equities is invalid. This allegation forms the basis, at least in part, to support the Plaintiffs' allegations that this alleged defect invalidates all subsequent mortgage assignments. (Paragraphs 17-20 of Plaintiffs' Complaint). However, Plaintiffs failed to plead any facts alleging that the assignment of mortgage to American Residential Equities was legally defective.

    I. Legal Standard

    Plaintiffs' Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Fed. Rule Civ. Pro. 8(a)(2). While the pleading standard in Rule 8 does not require "detailed factual allegations", it must be "more than an unadorned, the –

defendant – lawfully – harmed - me accusation". Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). As such, the complaint must contain sufficient facts, which if accepted as true, state a claim for relief on its face. Okpoko v. Heinauer, 796 F.Supp.2d 305, 320 (D.R.I. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). To survive a motion to dismiss, the complaint must allege a "plausible entitlement to relief". ACN Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008). In deciding the issue of whether or not the complaint states a claim upon which relief may be granted, the Court must take all well pleaded factual allegations as true and give the plaintiff the benefit of reasonable inferences. Narragansett Electric Company v. Constellation Energy Commodities Group, Inc, 526 F.Supp2d 260, 268 (D.R.I. 2007).

   II. Plaintiffs Fail to State a Claim for Relief on Count I and III

There are no factual allegations upon which this Court can rely in which to grant Plaintiffs claim for Declaratory Judgment. Plaintiffs seek a declaration of rights based on conclusions of law. The cornerstone of Plaintiffs claim for relief is that the mortgage assignments are allegedly defective. The facts plead in the Complaint do not support a claim for relief.

   A.   Assignment to American Residential Equities

Plaintiffs allege that the assignment of mortgage to American Residential Equities is somehow invalid. Plaintiffs state only legal conclusions without a recitation of facts to support those statements. In paragraph 17 of the Complaint, Plaintiffs' conclude that Defendants "prepared a fraudulent purported assignment of mortgage…" Plaintiffs' attempt to support these legal conclusions by stating "facts" in subparagraphs "a-e". Most of these "facts" are in and of themselves legal conclusions. Subparagraph "a" simply states that American Residential Equities "did not exist". There is no factual basis for this conclusion. Subparagraphs "d-e" are

conjecture based on the unsupported conclusions in subparagraph "a".[1] "Threadbare legal conclusions are insufficient to set forth plausible entitlement to relief" that would permit a Plaintiff to proceed. Meas, et al v. Greenpoint Mortgage Funding, et als., C.A. No. 12-438-M Page *3 (D.R.I. 2013) (See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). It is Paragraph 17 of Plaintiff's Complaint that sets the foundation for the relief claimed. Rather than provide a factual basis, as required by Rule 8, Plaintiffs rely on opinions and conclusions. As such, there is a failure to state a claim upon which relief can be granted. Id.

The only facts alleged as part of Paragraph 17 are found in paragraphs 17(b)-(c)". Even if the fact set forth in subparagraph "b" is assumed to be true (that the assignment was not recorded until September 14, 2007), it fails to give rise to a claim upon which relief can be granted. Plaintiffs cannot cite to any legal authority which invalidates a contractual assignment of mortgage simply based upon when it is recorded.

Likewise, in paragraph 17(c), Plaintiffs allege that the assignment did not assign sufficient interest in the mortgage. While Plaintiffs quoted one provision of the assignment, they failed to include that portion of the assignment which grants the interest in the mortgage "Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, **and all rights accrued or to accrue under said Mortgage**." See Exhibit B to Plaintiffs' Complaint (Emphasis added). These "facts", even if assumed true, are insufficient to state a claim or to support the legal conclusions set forth by the Plaintiffs. Gooley v. Mobile Oil, Inc., 851 F.2d 513, 515 (1st Cir. 1988) (the factual allegations must sustain a recovery under some actionable legal theory).

---

[1] As an example, the Plaintiffs' statement that the assignment "was designed to create the illusion of standing" offers an opinion, but no factual basis for the claim of relief. Paragraph 17(d) of Plaintiffs' Complaint.

A complaint must set forth a plausible entitlement to relief rather than one that is merely possible. ACN Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 58 (1st Cir. 2008). This Court is not bound to accept a legal conclusion couched as a factual allegation. Okpoko v. Heinauer, 796 F.Supp.2d 305, 321 (D.R.I. 2011). Plaintiff bears the burden to set forth sufficient factual allegations that, if true, would establish that the mortgage assignment to American Residential Equities is somehow invalid[2]. In essence, the Court must be able to draw a reasonable inference that this assignment was prepared fraudulently and assigned to a "non-existent entity". Id. at 320. No such reference can reasonably be made in this case. The inference cannot be made because there are no facts plead to support such allegations.

    B.  Assignment to GMAC Mortgage, LLC

In paragraph 18 of the Complaint, Plaintiffs allege that the assignment of mortgage to GMAC Mortgage, LLC is also invalid. These allegations state only legal conclusions without a recitation of facts to support those statements. In paragraph 18 of the Complaint, Plaintiffs' conclude that Defendants "prepared a fraudulent purported assignment of mortgage…". As with the allegations regarding American Residential Equities, Plaintiffs attempt to support these legal conclusions by stating "facts" in subparagraphs "a-c". Once again, the "facts" set forth in subparagraphs "a-c" are legal conclusions. Subparagraph "a" simply states that American Residential Equities "did not exist". It appears that Plaintiffs rely on the conclusions set forth in paragraph 17 to form the foundation for the allegations in paragraph 18. Much like the content in paragraph 17, there are no facts plead to support these conclusions. See Exhibit C to Plaintiffs' Complaint.

---

[2] In Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (1st Cir. 2013), the First Circuit distinguished between standing to challenge void and voidable assignments. As such, Plaintiff's Complaint must, at a minimum state a factual basis for their claim that the assignments are void. To the contrary, the Complaint merely concludes that the assignments are void without any factual basis to support that concusion.

4

    C.  Assignment to GMAC Mortgage, LLC

  In paragraph 18 of the Complaint, Plaintiffs allege that the assignment of mortgage to American Residential Equities LIX, LLC.  As in the allegations in paragraphs 17 and 18, Plaintiffs state only legal conclusions, without a recitation of facts to support those statements, in paragraph 19 of the Complaint.  Once again, in paragraph 19 of the Complaint, Plaintiffs' conclude that Defendants "prepared a fraudulent purported assignment of mortgage…".  As with the prior allegations regarding assignments, Plaintiffs' attempt to support these legal conclusions by stating "facts" in subparagraphs "a-e", which are all legal conclusions.  In fact, in paragraph 19(d), Plaintiffs allege that Jeffrey Stephan was a "robosigner" without stating any facts to support such claim.  Much like the content in paragraph 17 and 18, there are no facts plead to support these conclusions.   See Exhibit D to Plaintiffs' Complaint.

    D.  Count III fails to state a claim

  Plaintiffs rely on the allegations in Count I to justify their claim for violation of the Fair Debt Collection Practices Act, in Count III.  These claims are founded on unsubstantiated conclusions set forth in Count I.  The only factual claims are based on Plaintiffs conclusions and opinion that the assignments of mortgage were invalid.  There is no factual basis to support the allegations in Count III.  If Count I is dismissed for failure to state a claim upon which relief can be granted, then it follows that Count III should also be dismissed.

  III.  Count I, II IV and V are Moot

  Plaintiffs seek a Declaratory Judgment (Count I), Breach of Contract (Count II), Injunctive Relief (Count IV) and Complaint for Damages (Count V) are predicated on a foreclosure sale scheduled to be held on December 21, 2012.  Given that the sale date has passed and no foreclosure sale occurred, the Plaintiffs claim for relief is moot.  The federal courts

require that a case or controversy exist between the parties throughout the litigation. <u>Operation Clean Government v. Rhode Island Ethics Com'n</u>, 315 F.Supp.2d 187, 193 (D.R.I. 2004). The federal courts do not issue advisory opinions and once deemed moot, the matter must be dismissed. <u>Id</u>. <u>See</u> <u>also</u> <u>Sullivan v. Chafee</u>, 703 A.2d 748, 751 (RI 1997) (RI courts will not determine abstract questions or render advisory opinions).

The Complaint was filed on December 12, 2012, which predated the scheduled foreclosure. At the time, this Court had an outstanding order "staying" any foreclosures for cases filed on this docket. As such, the foreclosure sale never occurred and the Plaintiffs' claims are now moot.

The allegations set forth in I, II, IV and V are thereby moot and the Complaint fails to state a claim upon which relief can be granted.

   IV. <u>Plaintiffs failed to Add Indispensable Parties as Defendants</u>

Count I of Plaintiff's Complaint requests that the Court declare the rights of the parties with respect to the mortgage. However, the litigation is missing an indispensable party, namely Note Capital Group, Inc. ("Note Capital"). See Exhibit A attached hereto. Note Capital is the present holder of the mortgage. To determine whether Note Capital is an indispensable party in accordance with Rule 19 of the Federal Rules of Civil Procedure, the Court must conduct a two part test. <u>Taylor v. State of RI, Dept of Mental Health Retardation and Hospitals</u>, 726 F.Supp 895, 897 (D.R.I. 1989). "First the Court must evaluate whether the absent party has an interest in the subject matter of the lawsuit". <u>Id</u>. (citing <u>Stevens. v. Loomis</u>, 334 F.2d 775, 777-78). In the case before this Court, Note Capital has an interest in the subject matter since it is the record holder of the mortgage. In Count I, Plaintiffs seek to declare the rights of the parties. The

Plaintiffs also seek to enjoin any foreclosure proceedings and collection actions. As such, the record holder of the mortgage has a paramount interest in the subject matter of the lawsuit.

Once the Court recognizes that a missing party has an interest, the Court must consider whether proceeding without the missing party would prejudice either the absent party or pending party's rights. Id. Thus, the second prong is whether the Court can achieve justice without joining the missing party. Id. (If so, the party is merely a necessary party rather than an indispensable party). If the Court were to deny the Defendant's Motion to Dismiss, any decision made with respect to the rights of the parties in connection with the mortgage would directly affect Note Capital (such as enjoining foreclosure and collection actions). Without joining Note Capital as a party to this action, the Court could not achieve "justice consistent with equity and good conscience". Id. (citing Washington v. United States, 87 F.2d 421, 426 (9th Cir. 1936). Plaintiff's Complaint must be dismissed for failure to join Note Capital as a party in accordance with Rule 12(b)(7) of the Federal Rules of Civil Procedure.

V. Conclusion

For the reasons set forth herein, the Complaint must be dismissed pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for failure of the Plaintiffs state a claim upon which relief can be granted and failure to name Note Capital, as an indispensable party.

    Defendant
    By its attorney

    _/s/_Michael R. Hagopian_____
    Michael R. Hagopian #3448
    Orlans Moran PLLC
    PO Box 540540
    Waltham, MA 02454
    (781) 790-7800

File No. 502.0087

## CERTIFICATION

I hereby certify that a true copy of the foregoing was sent electronically to each party of record on February 14, 2013.

                /s/ Michael R. Hagopian